# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Christopher Jackson,<br><br>　　　　　Plaintiff(s),<br><br>vs.<br><br>Tissa Jackson, et al.,<br><br>　　　　　Defendant(s). | 2:24-cv-00884-JAD-MDC<br><br>**REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR EXCESSIVE BAIL. ECF NO. 3.**<br><br>**AND**<br><br>**ORDER DENYING THE IFP APPLICATION WITHOUT PREJUDICE, WITH LEAVE TO REFILE (ECF NO. 6); DENYING THE MOTION FOR APPOINTMENT OF COUNSEL (ECF NO. 7); AND DIRECTING THE CLERK OF COURT TO REDACT PLAINTIFF'S SOCIAL SECURITY NUMBER IN HIS AMENDED COMPLAINT (ECF NO. 8 AT 14).** |

Incarcerated pro se plaintiff Christopher Jackson filed (1) a *Motion to Reduce Bail*; (2) an *Application to Proceed In Forma Pauperis* ("IFP"); and (3) a *Motion for Appointment of Counsel*. ECF Nos. 3, 6, and 7. The Court RECOMMENDS DENYING plaintiff's Motion for Excessive Bail. ECF No. 3. The Court DENIES the IFP application without prejudice, with leave to refile. ECF No. 6. The Court also DENIES the Motion for Appointment of Counsel. ECF No. 7. The Court also *sua sponte* ORDERS the Clerk of Court to redact plaintiff's social security number in his Amended Complaint. ECF No. 8 at 14.

**I.        Plaintiff's IFP Application (ECF No. 6)**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to

pay such fees or give security therefor." If the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), as amended by the Prison Litigation Reform Act ("PLRA"), he remains obligated to pay the entire fee in installments, regardless of whether his action is ultimately dismissed. See 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002). Under the PLRA, a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. See 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. See 28 U.S.C. § 1915(b)(2).

Plaintiff Jackson is currently incarcerated. Plaintiff's IFP application is deficient for several reasons.  First, while plaintiff submitted the prisoner IFP application, a copy of declaration and the financial certificate, neither form is signed by the appropriate official. ECF No. 6 at 3 and 4. Second, plaintiff did not submit a certified copy of the trust fund account statement (or institutional equivalent). Third, plaintiff provides contradictory information. . Plaintiff appears to state that he is unemployed because he won ten million dollars from the Publisher's Clearing House Sweepstakes. *Id.* at 1 and 2. Either plaintiff's statements are not based in reality,[1] or he can afford to pay the filing fee. Plaintiff must clarify his financial situation in his new IFP application. Finally, plaintiff did not answer all of the

---

[1] Plaintiff's filings raise the possibility that plaintiff either suffers from mental health issues, or he is the victim of a malicious scam, as he discusses the sweepstakes throughout his filings.

2

questions in his IPF application. Plaintiff must answer all questions on the renewed application with detailed explanations about his income and expenses. Plaintiff cannot leave any questions blank or respond that a question is "N/A" without an explanation. The Court thus denies plaintiff's IFP application, with leave to refile one that complies with the PLRA.

## II.   Plaintiff's Motion to Reduce Bail (ECF No. 3)

The Eighth Amendment provides, "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. Bail is excessive under the Eighth Amendment when it is set at a figure higher than an amount reasonably calculated to ensure the asserted governmental interest. *United States v. Salerno*, 481 U.S. 739, 754 (1987); *Stack v. Boyle*, 342 U.S. 1, 4-6 (1951).

When a pretrial detainee challenges a bail determination, the Supreme Court and the Ninth Circuit have held that a writ of habeas corpus is an appropriate remedy. *Stack*, 342 U.S. 1, 6-7 (1951); *Arevalo v. Hennessy*, 882 F.3d 763, 767 (9th Cir. 2018) (where pretrial detainee alleged due process violations regarding bail, and *Younger*[2] abstention was not appropriate because detainee properly exhausted state remedies, judgment was reversed and remanded with instructions to grant a conditional writ of habeas corpus). Under Nevada law, an accused in custody pending trial may challenge a district court's bail decision by a petition for a writ of habeas corpus. *Application of Knast*, 96 Nev. 597, (1980) (citing NRS 34.530); *State v. Teeter*, 65 Nev. 584, 590-91 (1948) (when a pretrial detainee alleges the trial court wrongfully denied bail, "the usual procedure is ... a writ of habeas corpus."), overruled in part on other grounds by *Application of Wheeler*, 81 Nev. 495 (1965).

Plaintiff's Complaint[3] appears to be styled as a § 1983 action, but the instant Motion for

---

[2] *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746 (1971).
[3] As noted, plaintiff included his social security number in his amended complaint. See ECF No. 8 at 14.

Excessive Bail requests habeas relief. The requested relief falls within the core of habeas corpus because it challenges the terms or duration of Jackson's confinement. See *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (A prisoner or pretrial detainee in state custody cannot use a § 1983 to challenge "the fact or duration of his confinement," but instead must seek habeas corpus relief or the appropriate state relief.) Specific habeas corpus statutes and remedies clearly apply to his claim. In light of Nevada's available and adequate habeas remedies, Supreme Court precedent clearly provides that § 1983 is not the correct procedural mechanism for Jackson's requested relief. Accordingly, the Court recommends denying plaintiff's Motion for Excessive Bail. The Court also orders that plaintiff file a notice indicating if he wishes to pursue his civil rights case or if he wants to file a habeas petition.

### III.     Plaintiff's Motion for Appointment of Counsel (ECF No. 6)

A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). The Court may appoint counsel under 28 U.S.C. § 1915 only under exceptional circumstances. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved. Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (citations and internal quotation marks omitted).

The Court has reviewed the complaint and filings in this case. As analyzed above, it is not yet clear what type of case plaintiff wishes to pursue as his filings are contradictory. The Court does not find exceptional circumstances that warrant the appointment of counsel of counsel at this time. The Court recognizes, however, there could be changed circumstances in this case once plaintiff clarifies in his notice what type of case he wishes to pursue in this Court. Denial of plaintiff's Motion for Appointment of Counsel does not preclude plaintiff from renewing his request if circumstances change.

It is so ORDERED and RECOMMENDED that:

1. It is RECOMMENDED that plaintiff Christopher Jackson's *Motion to Reduce Bail* (ECF No. 3) be DENIED.

2. It is ORDERED that by **August 5, 2024**, plaintiff shall file a notice with the Court indicating whether he: (a) wishes to pursue his § 1983 civil rights complaint (ECF No. 8) or (b) wishes to strike his § 1983 civil rights complaint (ECF No. 8) and pursue a habeas petition in this case.  If Plaintiff does not designate one of these options, the Court will dismiss the entire case without prejudice because Plaintiff cannot proceed simultaneously on both his § 1983 claims and seek habeas relief in the same case.

3. It is FURTHER ORDERED that plaintiff's *Application to Proceed In Forma Pauperis* (ECF No. 6) is DENIED without prejudice.

4. It is FURTHER ORDERED that by **August 5, 2024**, plaintiff shall either pay the full filing fee OR file a fully complete IFP application. The IFP application must include:

    a. A clarification regarding plaintiff's income, meaning how much money he has access to;

    b. A completed declaration and financial certificate that is signed by both the inmate and the appropriate prison or jail official; and

    c. A copy of the inmate's trust fund account statement for the previous six-month period.

5.  It is FURTHER ORDERED that plaintiff's *Motion for Appointment of Counsel* (ECF No. 7) is DENIED.

6. It is FURTHER ORDERED that failure to timely comply with this Order may result in a recommendation that this case be dismissed with prejudice.

7. It is FURTHER ORDERED that the Clerk of the Court is directed NOT to issue summons. The Court will issue a screening order on the complaint after plaintiff either files a new IFP or pays the filing fee. See 28 U.S.C. § 1915(e)(2).

8. It is FURTHER ORDERED that the Clerk of the Court is directed to REDACT plaintiff's social security number in his amended complaint. See ECF No. 8 at 14. The Clerk SHALL REDACT the social security number only and include a corrected image in the filing.

### NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**

It is so ordered and recommended.

DATED this 9th day of June 2024.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge